IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RAUL RIVERA PEREZ,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

CIVIL NO.  04-1577(PG)
Criminal No. 97-245 (PG)

## REPORT AND RECOMMENDATION

### INTRODUCTION

Petitioner filed a motion under 28 U.S.C. § 2255 seeking to vacate his conviction and sentence in above-captioned case (**Docket No. 2**).  Petitioner claims ineffectiveness of his retained counsel for failure to: obtain a waiver of his dual representation of another co-defendant who was previously tried, a hung jury resulted, but then pleaded guilty; to review and investigate discovery provided; to seek and relate plea offers, and finally, to seek recusal of the trial judge.

The government filed its response on August 11, 2004 (**Docket No. 8**).  The case was referred to this Magistrate Judge for report and recommendation.  (**Docket No. 3**).

### PROCEDURAL BACKGROUND

On February 5, 1998, petitioner along with other co-defendants was indicted in a Superseding Indictment in Criminal Case No. 97-245 (PG) for participating in a conspiracy to possess with intent to distribute 1,000 kilograms of cocaine, five kilograms of heroin and 5,000 pounds of marihuana, in violation of 21 U.S.C. § 846.  (Docket No. 119 of Cr. 97-245(PG)).

Rivera Perez v. United States
Civil No. 04-1577 (PG)
Report & Recommendation
Page No. 2

On October 1, 1999, petitioner was found guilty by a jury upon which he was sentenced on May 11, 2001, to life imprisonment and a supervised release term of five (5) years.  (Docket No. 497 and 501 of Cr. 97-245(PG)).   On February 7, 2003, petitioner's conviction was affirmed by the Court of Appeals for the First Circuit.  (Docket No. 905 and 909 of Cr. 97-245(PG)).[1]  On June 17, 2004, petitioner filed the present section 2255 petition.

## ANALYSIS

### 1.    Petitioner's § 2255 motion is not time-barred.

To determine if a section 2255 petition is time barred, one must first look at the language of the statute. A one-year statute of limitations was enacted by the Antiterrorism and Effective Death Penalty Act ("AEDPA").  In its pertinent part, section 2255 reads as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation shall run from the latest of ...  (1) the date on which the judgment of conviction becomes final[.]  28 U.S.C. § 2255, ¶ 6.

A conviction is not final as long as the defendant can appeal either the conviction or the sentence imposed upon him. Griffith v.. Kentucky, 479 U.S. 314, 321 (1987); United States v. Colvin, 204 F.3d 1221, 1224 (9th Cir. 2000). Accordingly, for purposes of a petition under section 2255, the judgment is considered to be "final" when the Supreme Court denies a petition for a writ of certiorari, and it is from that date that the limitations period starts to run.

---

[1] See United States v. Nelson Rodríquez, 319 F.3d 12 (1st Cir. 2003).  This extensive opinion by the First Circuit Court of Appeals ruled on numerous issues raised by various co-defendants, as well as petitioner.

See Griffith, 479 U.S. at 321 n. 6; Derman v. United States, 298 F.3d 34 (1st Cir. 2002); United States v. Marcello, 212 F.3d 1005, 1008 (7th Cir. 2000); United States v. Thomas, 203 F.3d 350, 352-53 (5th Cir. 2000).

On the other hand, a conviction for a federal defendant who fails to file a petition for a *writ of certiorari* becomes final when the period in which he seasonally might have done so expires. Derman, 298 F.3d at 34; United States v. Burch, 202 F.3d 1274, 1276 (10th Cir. 2000) (if a defendant does not file a petition for a *writ of certiorari* with the U.S. Supreme Court after a direct appeal, the judgment of conviction becomes final when the time for filing the *certiorari* petition expires); Neverson v. Farquharson, 366 F.3d 32, 36 (1st Cir. 2004) (conviction became final when the ninety-day period for seeking *certiorari* expired)(*quoting* Clay v. United States, 537 U.S. 522, 527, 123 S.Ct. 1072 (2003) (discussing finality for purposes of post-conviction relief.)[2]

Petitioner's conviction in this case was affirmed by the Court of Appeals for the First Circuit on February 7, 2003.  *See* United States v. Nelson Rodríguez, 318 F.3d 12 (1st Cir. 2003).  Petitioner indicated he filed a petition for *writ of certiorari* before the Supreme Court and same was denied on June 16, 2003.[3]  Therefore, petitioner's conviction became final when the *certiorari* was denied and accordingly under the AEDPA's one-year limitations period expired on Thursday, June 17, 2004.  Petitioner's instant § 2255 petition was timely filed on

[2] *See, e.g.*, United States v. García, 210 F.3d 1058, 1060 (9th Cir. 2000); United States v. Gamble, 208 F.3d 536, 537 (5th Cir. 2000); Kapral v. United States, 166 F.3d 565, 570 (3rd Cir. 1999)(holding conviction becomes final when the time for seeking certiorari expires).

[3] The government's reply makes also reference to *certiorari* being denied on June 16, 2003.

Rivera Perez v. United States
Civil No. 04-1577 (PG)
Report & Recommendation
Page No. 4

June 17, 2004.  The record also shows an obliterated stamp by the Clerk's Office indicating the petition was received at 4:17 p.m. of June 15, 2004, but no further explanation can be ascertained.  Nevertheless, the petition should not be considered untimely since it is properly stamped as received at 6:23 p.m. of June 17, 2004.[4]

In view of the foregoing, petitioner's motion to vacate sentence under § 2255 is not time-barred by the one-year statute of limitations enacted by the AEDPA.

**2.      Ineffective Assistance of Counsel.**

**A.      Conflict of Joint Representation**.

Petitioner claims his trial counsel was ineffective for not having obtained a waiver of his dual representation of another co-defendant, who had previously entered a plea, in a separate but related criminal case.  The government's reply indicates this issue was raised on direct appeal and was ruled on the merits.  The Court of Appeals for the First Circuit discussed this issue upon the trial court's failure to conduct a hearing of the possible conflict of the alleged dual representation that had been also raised by Rivera in a post-verdict motion for new trial. Petitioner was represented by retained Attorney Edgar Vega and a court appointed counsel, Attorney Rafael Anglada, who substituted prior counsel Thomas Lincoln.  Attorney Vega had represented co-defendant Ortiz, another member of the conspiracy, in a first and separate trial where a hung jury resulted.  Defendant Ortiz thereafter pleaded guilty to the government's offer before petitioner's trial began.  Although the Court of Appeals cautioned that issues of ineffectiveness of counsel, such as above joint representation, should not be entertained for first

---

[4]  Retained counsel Linda George signed the petition under penalty of perjury on June 15, 2004.

time on direct appeal, it rendered its opinion because the critical facts were not genuinely in dispute and the record was sufficiently developed to allow a reasoned consideration of co-defendant Rivera's claim, now raised again in this § 2255 petition.  On such grounds, the Court of Appeals determined that, if there was any Foster violation insofar as dual representation claimed, such conflict must be real, not an attenuated hypothesis having little consequence to the adequacy of representation.  United States v. Rodríguez, 319 F.3d at 12 (citing United States v. Martorano, 620 F.2d 912, 916 (1st Cir. 1980) and Brien v. United States, 695 F.2d 10, 15 (1st Cir. 1982)).  The Court of Appeals for the First Circuit concluded the likelihood of the joint representation having an effect on Rivera's defense was so minimal, it would not matter who had the burden and Rivera's defense did not suffer from any conflict.  This minimal effect was also impacted by the fact any such conflict was further reduced because Rivera's previous appointed counsel remained co-counsel with Attorney Vega.  The opinion mentions Rivera wants to have his cake and eat it too since counsel Vega, as to whom he now complains of having a conflict, was precisely retained by him because of how he managed to obtain a hung jury in the first trial for co-defendant Ortiz.

Additionally, petitioner submits the wiretap evidence presented at the trial should have been suppressed since the affidavit to obtain the court order approving same was inaccurate or had misstatements.  This issue was also elucidated in the direct appeal to the conviction insofar petitioner was seeking a Frank's evidentiary hearing concerning the wiretap affidavit.  The First Circuit found the authorization for wiretap of the cellular phone was valid and the omission of

information therein regarding the confidential informant's prior drug trafficking activities was not the basis for suppression when it also included large quantities of evidence from other sources.[5]

The government submits in its reply to petitioner Rivera's motion that since these issues were addressed on direct appeal and, in the absence of an intervening change in the law, petitioner cannot revisit the issues in this § 2255 petition.  The government's proposition is adequate in law and petitioner has no legal grounds to claim ineffectiveness of counsel because of dual representation nor because of omissions in the affidavit of the wiretap evidence that would require its suppression.  Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1993); Dirring v. United States, 370 F.2d 862 (1st Cir. 1967).  See Barrett v. United States, 965 F.2d 1184, n. 11 (1st Cir. 1992); Murchu v. United States, 926 F.2d 50, 55 (1st Cir. 1991).  See also United States v. Flores-Rivera, 56 F.3d 319, 326, n.4 (1st Cir. 1995); United States v. Aponte Suarez, 905 F.2d 483, 492 (1st Cir. 1990).

Accordingly, petitioner's claims of ineffective assistance of counsel for conflict of joint representation are without merit.

### B.  Failure to Seek Recusal of Trial Judge.

Petitioner also submits in a one-paragraph argument that counsel was ineffective for his failure to seek a recusal of the trial judge upon claims the acrimonious record could establish

---

[5]  The Court of Appeals for the First Circuit indicated a concern that such significant omission could thwart the intent of Title III and mislead an issuing judge who relies on the government to present the full case for its belief in probable cause, including any contraindications.  Although the government could have provided further information about the confidential informant's reliability, on appeal the review was limited, as required by law, to the four corners of the affidavit.  This was further enhanced by other sources of evidence therein submitted upon which reliance on the informant's credibility by the issuing judge was unlikely to have been significant.

the volatile relationship between petitioner and the court.  It is claimed the same trial judge had previously sentenced Rivera in connection with a prior criminal matter back in 1988.

The government's reply as to recusal indicates a trial judge need not accept to recuse when the source of the alleged personal bias or prejudice arises out of a judicial proceeding citing Liteky v. United States, 510 U.S. 540, 114 S.Ct. 1147 (1994).  Thus, petitioner needs to show a display of a deep-seated favoritism or antagonism that would make fair judgment impossible.  Liteky, supra; Logue v. Dore, 103 F.3d 1040, 1045 (1st Cir. 1997).  See also 28 U.S.C. Section 1444 and 455(b)(1) as to instances of actual bias or prejudice.

Petitioner claims an alleged animosity by the court for having compelled him to review the evidence and confer with his attorney on penalty of waiving his right to have meaningful access to the evidence.  This argument is unintelligible and not enough to substantiate a claim of bias or prejudice.  Accordingly, petitioner has failed to make the required showing of bias or prejudice.

In view of the foregoing, petitioner's claim of ineffectiveness of counsel for failure to seek recusal of the trial judge is without merit.

### C.  Counsel's Lack of Familiarity with the Evidence.

Ineffectiveness of counsel is additionally claimed because of counsel's alleged lack of familiarity with the evidence, [6] upon his alleged failure to review the transcript and to interpose

---

[6]  A general perusal of the undesignated portions of the Status Conference transcripts of June 19, 2000, and the hearing of June 22, 2000 show the unwillingness of petitioner at the *eve* of trial to meet with his then appointed counsel, Atty. Thomas Lincoln, who was well acquainted with the evidence and ready for trial, as well as the presiding judge's ruling to bring the evidence at issue for discussion at the Marshal's Office.  However, petitioner claims that new appointed trial counsel Atty. Anglada and his co-counsel, retained Atty. Edgar Vega, failed to be acquainted with the evidence.

Rivera Perez v. United States
Civil No. 04-1577 (PG)
Report & Recommendation
Page No. 8

objections to conversations at variance with the transcript and to inflammatory reference to the effect Rivera was dangerous.

The record shows petitioner was appointed a new counsel at the eve of trial that had been previously scheduled for June 22, which was then postponed until September 18, 2000. However, petitioner states counsel at trial made reference to some evidence as to a photograph of himself in a Ford F-150 vehicle that had not been in the well organized discovery box of evidence he inherited from counsel Thomas Lincoln. Even if the alleged photograph had not been provided, counsel was granted a short recess to become acquainted with this evidence. See Trial Transcript of 9/21/2000 at p. 154. Furthermore, the transcript of the following trial day, September 22, 2000 shows some statements warrant prior discovery. See Trial Transcript 9/22/2000 at p. 207. The court ruled this issue had been brought at the first trial as to other co-defendants. Additionally, petitioner at the time the objection was raised had two defense counsel, Atty. Edgar Vega, whom he had retained, and Atty. Rafael Anglada, who had been appointed by the court after trial was rescheduled. There is no question that the latter had received full discovery, in addition to the discussions on discovery with his former counsel Lincoln. See Trial Transcript 9/26/2000 at p. 579.

Accordingly, petitioner's claims of ineffectiveness for counsel's lack of familiarity with the evidence are without merit.

### D.  Counsel's Failure to Seek Plea Offer.

Petitioner claims counsel failed to seek from the government a plea offer. The government submits that, since petitioner had his first appointed counsel, the government

submitted a letter indicating the potential plea agreement, with an initial recommendation of thirty (30) years of imprisonment.  Under said proposal, the base offense level of 43 would have been reduced by three (3) level for acceptance of responsibility.  The government alleges petitioner herein was well aware of the plea offer, as shown in the record by letter acknowledging same and by the transcript colloquy,[7] and he declined to accept same, for which no further offers were made by the government.  The record of the hearing held on June 22, 2000 shows the government informed the court and petitioner that change of plea deadlines had come and gone and it will not negotiate any plea.

In Boria v. Keane, 99 F.3d 492, 496 (2nd Cir. 1996) (cited in United States v. González-Vázquez, 219 F.3d 37, 41 (1st Cir. 2000)), the Second Circuit ruled that "[a] defense lawyer in a criminal case has the duty to advise his client fully on whether a particular plea to a charge appears to be desirable."); Id. at 496- 97 ("The decision whether to plead guilty or contest a criminal charge ... must ultimately be left to the client's wishes.").  However, a defendant has a right to be informed by his counsel of a plea offer. Ordinarily, counsel's failure to do so constitutes ineffective assistance of counsel. Johnson v. Duckworth, 793 F.2d 898, 901 (7th Cir. 1986); United States ex rel. Caruso v. Zelinsky, 689 F.2d 435, 438 (3rd Cir. 1982). See United States v. Rodríguez Rodríguez, 929 F.2d 747, 752 (1st Cir. 1991).

Additionally, the government has indicated it made no further plea offers to petitioner, for which counsel did not fail to rely or impede any intention to plead guilty under the only plea

---

[7] Petitioner acknowledged to the court that the attorney initially appointed to represent him brought a plea agreement the government made and had some communication conflicts with his then counsel so as to present adequate defense to the case, including an alibi defense. See Status Conference transcript of June 19, 2000, pp. 8, 14.

Rivera Perez v. United States
Civil No. 04-1577 (PG)
Report & Recommendation
Page No. 10

offer petitioner had previously ignored.  If anything, petitioner seems to complain that he was forced to go to trial.  The fact remains that "there is no constitutional right to plea bargain; the prosecutor need not do so if he prefers to go to trial. It is a novel argument that constitutional rights are infringed by trying the defendant rather than accepting his plea of guilty." Weatherford v. Bursey, 429 U.S. 545, 561, 97 S.Ct. 837 (1977); see United States v. Wheat, 813 F.2d 1399, 1405 (9th Cir.1987) (rejecting defendant's claim that package deal plea was unconstitutional because it "forced" him to go to trial); see also United States v. Gonzalez-Vazquez,  219 F.3d at 43.

Therefore, petitioner's claim of ineffective assistance for counsel's failure to seek plea offer is without merit.

Finally, petitioner's recent motion requesting leave to amend the petition so as to incorporate arguments under Blakely v. Washington, 125 S.Ct. 2531 (2004), will be held in abeyance pending resolution by the Supreme Court which has already entertained legal arguments last month and is to promptly resolve the constitutionality and other aspects of the federal Sentencing Guidelines (Docket No. 8, 9).

## CONCLUSION

In light of the above discussed, it is recommended petitioner's claims of ineffective assistance of counsel and the post-conviction relief requested pursuant to § 2255 BE DENIED.[8]

---

[8]  Petitioner's counsel preserved, however, and the trial court denied their request, for a special jury verdict an/or a jury determination of sentencing enhancements related to the amount of drugs and evidence of the killing that was never mentioned or charged in the indictment.  See Trial Transcript 9/26/2000 pp. 660-661.  See Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000).  See also Blakely v. Washington, -- U.S. -- , 124 S.Ct. 2531 (2004).  The issue was also raised at the time of sentencing.  Trans. 5/11/2001 pp. 16-17. _

Rivera Perez v. United States
Civil No. 04-1577 (PG)
Report & Recommendation
Page No. 11

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. <u>Henley Drilling Co. v. McGee</u>, 36 F.3d 143, 150-151 (1st Cir. 1994); <u>United States v. Valencia</u>, 792 F.2d 4 (1st Cir. 1986). *See* <u>Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.</u>, 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

San Juan, Puerto Rico, this 9th day of November of 2004.

                    s/ CAMILLE L. VELEZ-RIVE
                    CAMILLE L. VELEZ-RIVE
                    UNITED STATES MAGISTRATE JUDGE