**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **RAUL RIVERA PEREZ**<br><br>    Petitioner,<br><br>        v.<br>**UNITED STATES OF AMERICA**<br><br>    Respondent. | Civ. No. 04-1577(PG)<br>(Re: Crim No. 97-245(PG)) |

**ORDER**

Before the Court is Petitioner's second "Motion to Request a Certificate of Appealability" (Docket No. 29) as required under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner seeks to appeal this Court's Opinion and Order denying his Section 2255 Motion. (Docket No. 26).

Under the AEDPA, no appeal may be taken from a district court's ruling on a Section 2255 motion unless a district or circuit judge issues a Certificate of Appealability ("COA") based upon a "substantial showing" by the prisoner of "the denial of a constitutional right." 28 U.S.C. § 2253(c). Moreover, an appealing petitioner must demonstrate that the issues raised supporting his request for a COA are "'debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are "adequate to deserve encouragement to proceed further."'" Barefoot v. Estelle, 463 U.S. 880, 883 n.4, 103 S.Ct. 3383, 3394 n.4, 77 L.Ed.2d 1090 (1983)(alteration in original)(quoting Gordon v. Willis, 516 F.Supp. 911, 913 (N.D.Ga. 1980)(quoting United States ex. rel. Jones v. Richmond, 245 F.2d 234 (2nd Cir. 1957))). "The necessity for a substantial showing extends independently to each and every issue raised by a habeas petitioner." Berthoff v. United States, 308 F.3d 124, 127-28 (1st Cir. 2002).

Civ. No. 04-1577(PG)                                                    Page 2

At the outset, the Court notes that the issues on which Petitioner wants this Court to issue a COA are exactly the same issues that were previously raised in this district court, in petitioner's appeal of his conviction, and in his § 2255 motion to vacate his sentence. (See Docket Nos. 2, 14 & 29.) In other words, Petitioner is simply rehashing claims already considered and denied by this Court on more that one occasion. What is more, Petitioner fails to make a substantial showing that would comply with Barefoot and warrant the issuance of the COA.

In sum, the Court finds no reason why Petitioner's request should be granted. Accordingly, Petitioner's request for a COA is **DENIED.**

**SO ORDERED.**

San Juan, Puerto Rico, October 9, 2007.

S/**JUAN M. PEREZ-GIMENEZ**
**U.S. District Judge**